**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DIXIE P[1],

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:21-cv-415

Dlott, D.J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on the Commissioner's motion for a voluntary remand (Doc. 11) and the parties responsive memoranda (Docs. 12, 13).

The Commissioner seeks an order and judgment reversing the final decision of the Commissioner of Social Security, pursuant to the fourth sentence of 42 U.S.C. § 405(g), with remand to the Commissioner for further administrative proceedings and a new decision. In response to the Commissioner's motion, Plaintiff appears to oppose the Commissioner's motion for remand arguing instead that she is entitled to an award of benefits because she meets the requirements of Listing 12.05. (Doc. 12). Plaintiff's contention is not well-taken.

As noted by the Commissioner, Plaintiff is not entitled to a judicial award of benefits, at this time, because there is a substantial amount of evidence that points in favor of the ALJ's ultimate decision that Plaintiff was not disabled. Most notably, both of the state agency psychological experts opined that Plaintiff would be able to work with

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

appropriate restrictions to account for her mental impairments, including her borderline intellectual functioning. Moreover, there is a genuine question as to which mental listing is applicable to this case based on those same psychologists' review of the record. Accordingly, the undersigned agrees that this case should be remanded so that the ALJ can correct the errors made in his decision and make a new determination about whether Plaintiff is entitled to benefits.

    It is therefore **RECOMMENDED** that the Commissioner's motion for a Voluntary Remand (Doc. 11) is herein **GRANTED** and this matter be remanded back to the Agency for a new hearing and new decision so that the ALJ can correct any mistakes.

                                             *s/ Stephanie K. Bowman*
                                             Stephanie K. Bowman
                                             United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DIXIE P,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:21-cv-415

Dlott, D.J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to,and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).